**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**KELLY LEOPPARD, ET AL.**                                                                                 **PLAINTIFFS**

**VS.**                              **CASE NO. 2:07CV00152 JMM**

**ALLTEL COMMUNICATIONS, INC.**                                                          **DEFENDANT**

**ORDER**

Pending before the Court is Plaintiff's Motion to Remand and defendant's objection to such remand. For the reasons stated below, the motion is granted (#21).

Plaintiff Kelly Leoppard originally filed this class action lawsuit in the Circuit Court of Phillips County, Arkansas. On May 14, 2003, defendant removed the case to federal court and The Honorable George Howard remanded it, relying on an opinion by the Honorable G. Thomas Eisele in *Moriconi v. At & T Wireless PCS, LLC*, 280 F. Supp.2d 867 (E.D. Ark. 2003) (finding § 332 of the Communications Act "lacks the extraordinary preemptive power necessary to convert Plaintiff's state law challenges to Defendant's marketing and advertising practices into a federal claim.").

Plaintiff subsequently amended her complaint in state court to assert a new cause of action contending that defendant violated the Arkansas Deceptive Trade Practices Act, and the usury provisions of Article 19, § 13 of the Arkansas Constitution by charging excessive late fees. Based upon this new claim and a recent United State Court of Appeals for the Eighth Circuit case interpreting the preemptive scope of 47 U.S.C. § 332(c)(3)(A), *see Cellco Partnership v. Hatch*, 431 F.3d 1077 (8th Cir. 2005), defendant removed plaintiff's complaint for a second time contending that plaintiff now directly challenges an important element of its rate structure which is

1

a preempted claim.

Based upon the law of the case, the only issue before this Court is whether the Federal Communications Act ("FCA") provides the exclusive remedy for plaintiff's allegation that defendant's assessment of late fees violates the Arkansas Deceptive Trade Practices Act and violates the usury provisions of the Arkansas Constitution.

The FCA states that "[n]o State or local government shall have any authority to regulate the entry of or the rates charged by any commercial mobile service or any private mobile service, except that this paragraph shall not prohibit a State from regulating the other terms and conditions of commercial mobile services." 47 U.S.C. § 332(c)(3)(A).

The parties agree that the FCA completely preempts state laws affecting wireless carriers if those laws directly impact the rates charged by providers, but that the state laws would not be preempted if these laws apply to other "terms and conditions" of the agreement between the wireless carrier and the customer.

Plaintiff points to the legislative history of the FCA to support her position that defendant's assessment of "late fees" is one of the "terms and conditions" of her agreement with defendant. The legislative history of the 1993 amendment to the FCA states:

> By "terms and conditions," the Committee intends to include such matters as customer billing information and practices and billing disputes and other consumer protection matters; facilities siting issues (e.g. zoning); transfers of control; the bundling of services and equipment; and the requirement that carriers make capacity available on a wholesale basis or such other matters as fall within a state's lawful authority. This list is intended to be illustrative only and not meant to preclude other matters generally understood to fall under "terms and conditions."

H.R. Rep. No. 103-111, at 261 (1993), *reprinted in* 1993 U.S.C. C.A.N. 378, 588.

Plaintiff additionally points to the fact that the written agreement between defendant and its

customer does not disclose late fees, or interest on past due payments, which plaintiff argues proves that it is not part of defendant's rate structure. Plaintiff contends that, if anything, defendant's late payment charges are undisclosed terms and conditions billed by defendant upon a default under the parties' agreement and are not rates charged for use of cellular service.

Plaintiff, in support of her position directs the Court to *Wong v. T-Mobile USA, Inc.,* 2006 WL 2042512 (E.D. Mich. July 20, 2006) (unpublished) (cellular telephone company's billing practices are not governed by the FCA); *Brown v. Washington/Baltimore Cellular*, 109 F.Supp.2d 421 (D. Md. 2000) (late fees are "other terms and conditions" of service, and not rates); *Esquivel v. Southwestern Bell Mobile Systems*, *Inc.,* 920 F.Supp 713 (S.D. TX 1996) (termination fee/liquidated damages provision is a term and condition of the customer contract, rather than a rate); *Phillips v. AT&T Wireless,* 2004 WL 1737385 (S.D. Iowa July 29, 2004)(early termination fees are not rates for purposes of complete preemption) (unpublished); *Cedar Rapids Cellular Corp. v. Miller*, 2000 WL 34030836 (N.D. Iowa September 15, 2000) (unpublished) *aff'd in part, rev'd in part*, *Cedar Rapids Cellular Telephone, L.P. v. Miller*, 280 F.3d 874 (8th Cir. 2002) ("court declines to read "rates" in section 332 so broadly as to necessarily preclude a state's judicial challenge based on a statute designed to protect consumers against fraudulent or deceptive business practices); and *Iowa v. United States Cellular Corp.*, 2000 WL 33915909 (S.D. Iowa Aug. 7, 2000) (unpublished) (claims brought pursuant to state consumer protection laws are not preempted).

Defendant contends that because it charges one set of rates to customers who pay on a timely basis and another set of rates to customers who do not pay on a timely basis, the challenged late fee is an element of its rate structure since late fees are used to require delinquent customers to bear the costs associated with late payments. Defendant specifically cites to *Cellco* for the

proposition that a reduction in late fees, brought about by application of state law, would affect its "rates" by causing them to increase. Defendant relies on the *Cellco* case to support its argument that all consumer protection claims are not automatically assumed to be related to "terms and conditions" of an agreement for wireless service.

Defendant additionally directs the Court to *In re Wireless Consumer Alliance*, 15 F.C.C.R. 17021, 17027 (Aug. 14, 2000). The Court does not find *In re Wireless Consumers Alliance, Inc.* persuasive as it holds that "Section 332 does not generally preempt the award of monetary damages by state courts based on state consumer protection, tort, or contract claims." *Id*. at 17022.

Defendant also cites *Gilmore v. Sothwestern Bell Mobile Systems, Inc.,* 156 F. Supp.2d 916 (N.D. Ill. 2001)(holding that § 332(c)(3)(A) completely preempted a state-law challenge to a wireless carrier's corporate account administration fee); *Redfern v. AT&T Wireless,* Case No. 03-206-GPM (S.D. Ill. June 16, 2003) (complete preemption was proper in a case involving a state-law challenge to a wireless carrier's early termination fee); *Chandler v. AT&T Wireless Services, Inc.,* Case No. 04-180-GPM (S.D. Ill. July 21, 2004) (same); *Simmons v. GTE Mobilnet, Inc.,* Case No. H-95-5169 (S.D. Tex. Jan. 8 1996) (same); *In re Southwestern Bell Mobile System, Inc.*, 14 F.C.C.R. 19898, 19901-02 (1999) (federal law preempted state-law claims challenging the legality of a wireless carrier's practice of rounding up the length of customers' calls to the nearest whole-minute increment); *Coffelet v. Arkansas Power & Light Co.*, 248 Ark. 313, 451 S.W.2d 881 (1970) (late charge is not interest, but is a device by which consumers are automatically classified to avoid discrimination); *Kiefer v. Paging Network, Inc.*, 50 F. Supp.2d 681 (E.D. Mich. 1999) (late fees constitute an integral part of wireless carriers' rate structures).

The Court agrees with the reasoning of plaintiff as stated in *Phillips* and *Brown*. The late

fee charged by defendant is not a charge for airtime or for minutes used by the customer.  *Phillips v. AT&T Wirelss*, 2004 WL 1737385 (S.D. Iowa July 29, 2004)(unpublished).  Moreover, the fact that a successful claim may result in a increased obligation which could increase rates is not sufficient to raise a late fee to the status of being part of defendant's rate structure.  *See Brown v. Washington/Baltimore Cellular, Inc,* 109 F. Supp.2d at 423.  If a wireless company's rates included every action that might bring about a rate increase, the exception to complete preemption set out in § 332(c)(3)(A) would be "swallowed by the rule."  *Phillips v. AT&T Wirelss*, 2004 WL 1737385 (S.D. Iowa Jly 29, 2004) (unpublished).

    The Motion to Remand is granted.  The Clerk of the Court is directed to return forthwith the case along with the pending Motion to Dismiss (#17) which raises preemption as a defense[1] and seeks dismissal of plaintiff Martha Wright for failure to state a claim, to the Circuit Court of Phillips County, Arkansas.

    IT IS SO ORDERED THIS  4   day of    April , 2008.

                                James M. Moody
                                United States District Judge

---

[1] *See Phillips v. AT&T Wireless*, 2004 WL 1737385 n 20  (S.D. Iowa) (preemption as a defense is insufficient to give rise to federal subject matter jurisdiction).